UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIMMY DABBAH,<br><br>   *Plaintiff*,<br><br> v.<br><br>CHOICE HOME WARRANTY, YEHUDAH "JUDAH" ESSES, and MARLA RAMIREZ,<br><br>   *Defendants*. | No. 24-cv-04267 (MEF)(JSA)<br><br>**OPINION and ORDER** |

\* \* \*

Writing just for the parties, the Court assumes virtually full familiarly with the allegations and procedural history of this case.

\* \* \*

The case in a nutshell: the Plaintiff[1] allegedly received permission from his employer to extend his parental leave until December 12, 2022, but his employer apparently believed leave had only been granted until December 5 --- and treated the Plaintiff's failure to timely return to work as a resignation. See First Amended Complaint ("Complaint") (ECF 19) ¶¶ 37-50.

The Plaintiff's two federal law claims, see id. ¶¶ 64-86, allege violations of the Family and Medical Leave Act ("FMLA"). See 28 U.S.C. § 2601. et seq.[2]

---

[1] Jimmy Dabba.

[2] The Plaintiff has also pressed various claims under New Jersey law. See Complaint ¶¶ 87-142.

The first federal claim alleges that the Defendants[3] violated the FMLA by terminating the Plaintiff and his health insurance after they (the Defendants) had allegedly granted him (the Plaintiff) the additional leave he requested. See Complaint ¶¶ 64-75.

The second federal claim alleges that the Defendants violated the FMLA by retaliating against the Plaintiff after he sought to exercise his FMLA rights. See id. ¶¶ 76-86.

*   *   *

The Defendants have moved to dismiss the two FMLA claims.

At the motion to dismiss stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Plaintiff's claims "plausibl[y]" work if the Plaintiff and the Defendants agreed to the December 12 return-to-work date, as the Plaintiff alleges they did.

And there are plausible allegations that they in fact agreed to a December 12 return date.

In particular:

On November 29, 2022, the Plaintiff allegedly received a text message from one of the Defendants that read: "Okay so giving you until next Monday. You need to be back in office by the 12th." Complaint ¶ 39.

Based on this text message, it is plausible that the parties agreed that the Plaintiff's leave would be extended until "the 12th [of December]," as the text message said in its last clause, and not "next Monday," which would have been December 5.[4]

---

[3]  Choice Home Warranty, Yehudah Esses, and Marla Ramirez.

[4]  The Defendants have their own reading of the text message. See Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF 18-1) at 3 (referring to "an apparent misstating of the date"); Memorandum of Law in Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF 38) at 3 (describing the text message as "containing typographical errors"). But on a motion to dismiss, the Court must treat all the Complaint's allegations as true, see McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009), and must draw all reasonable inferences in favor of the Plaintiff. See id. That means reading the text

2

In light of the above, the Defendants' motion to dismiss the two FMLA claims is denied.

It is on this 22nd day of September, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

_____
message in favor of the Plaintiff's reasonable-enough interpretation of it.